IN RE:    UNITED STATES BANKRUPTCY COURT
          WESTERN DISTRICT OF LOUISIANA
**BENJAMIN BROUSSARD-SNEAD**    LAKE CHARLES DIVISION    CASE NO.: 14-20734

**Debtor(s)**    CHAPTER 13

# AMENDED CHAPTER 13 PLAN POST CONFIRMATION

This pleading is a post-confirmation modification of Debtor(s) Chapter 13 Plan of Repayment filed by the above captioned Debtor(s). The changes to the original plan are indicated in *italics*. The original plan, or as modified prior to this plan, if any, is to remain the plan except as changed herein, and is incorporated herein by reference thereto. The complete original plan and any prior modifications can be viewed and printed by logging on to PACER at www.lawb.uscourts.gov.

**Reasons for Modification:**

1.) Debtor lost his job and is currently self employed. Debtor is also now separated from his spouse. This plan suspends payments for October and November 2015 to allow Debtor to find a place of residence.
2.) CSE Federal Credit Union is now treated in Section I(A).
3.) The estimated dividend to general unsecured creditors is reduced to allow Debtor to remain within budget.

**SUBMISSION OF EARNINGS OR FUTURE INCOME:**
    **(A)** *Debtor has paid $6,116.73 as of September 30th, 2015 (the first 13 months of the plan). Debtor will pay $0 per month for 2 months (October - November 2015); then $130.00 per month for the remaining 45 months of the 60 month plan (beginning with the December 2015 payment.*

    **(B)** **ADDITIONAL SUMS DEBTOR SHALL REMIT TO THE CH. 13 TRUSTEE:**
  __X__ Debtor(s) shall remit to the Trustee copies of Federal and State tax returns (the paperwork) required to be filed for each year you are in your plan, and any proceeds received from **Federal and State tax refunds (the money)**, for tax years **14, 15, and 16, excluding EIC**. (EIC is the only "credit" you may keep).

**I. DIRECT PAYMENTS**
  *A. **CSE Federal Credit Union** has a lien on **Debtor's wife's separate account**, with a debt of **$11,555.00**. Christina Broussard-Snead will pay this directly "outside" the plan, $111.06 per month. Debtor surrenders all rights, title, and interest to the collateral.*

**II. CLAIMS SATISFIED BY SURRENDER OF COLLATERAL**.
  A. **Firestone FCU** has a lien on a **2002 Chevrolet Silverado**, which is surrendered in FULL satisfaction of the debt.

**III. PAYMENTS DISTRIBUTED BY TRUSTEE**
  A. ADMINISTRATIVE CLAIMS
  1. SIMON FITZGERALD has been previously approved to receive a fee of **$2,800.00** *and requests an additional $500.00 for the amended plan herein* to be paid from property of the estate.

  B. POST-PETITION MONTHLY MORTGAGE PAYMENTS
    NONE

  C. SECURED CREDITORS RECEIVING 910 DAY "HANGING PARAGRAPH" TREATMENT*
    NONE

  D. OTHER SECURED CREDITORS*

1. **Capital One/Yamaha** has a lien on a **2005 Yamaha Stratoliner**, valued hereby at **$5,000.00**, will be paid that value with **5%** interest over **60** months, receiving AP payments of **$100.00** for months **1-11**, then payments of **$99.19** in months **12-60**. Total amortized payment: **$5,661.39**.

2. **CSE Federal Credit Union** *is now treated in Section I(A) above. The Trustee has disbursed $1,491.27 toward the debt as of October 5th, 2015 and shall disburse no further funds thereto.*

* Secured creditors' lien shall remain until secured claim is paid, effective upon discharge. Each of the above secured claims, if allowed, shall be paid the secured value, as set forth above, or the amount of the secured claim filed, whichever is less.

*Any claim with a secured value of $0 shall be treated as a general unsecured claim.

E. PRIORITY CLAIMS
   NONE

F. UNSECURED CLAIMS
   1. NONDISCHARGEABLE
         a. **NONE**
   2. CO-SIGNED CLAIMS
         b. **NONE**
   3. **Allowed General Unsecured Undisputed Claims** as listed in Schedule F, incorporated herein by reference thereto, and the Bifurcated (Under-secured) portion of secured creditors claims as set forth in section III (C&D) above, or allowed claims filed whether or not listed, estimated to be *$55,916.50 (per claims filed)*, shall receive a pro rata share of an estimated *$500.0*0, paying approximately *0.89%*.

**IV. GENERAL TERMS**:

**(A)** The effective date of this plan shall be six(6) months after **August 7, 2014**, the date of filing of the petition.

**(B)** Title to Debtor(s)' property shall revest in Debtor(s) upon confirmation of a plan pursuant to 11 USC 1327(b) (or upon dismissal after confirmation per 11 USC 1329 or upon closing the case per 11 USC 350).

**(C)** Confirmation of this plan shall be res judicata on the value of secured claims per Sec 506 and 1325, and approval of Debtor(s)' attorney's request for compensation provided such request is within the Court's approved "no-look" parameters. Any amounts in excess of the approved "no-look" shall be separately requested and noticed.

Respectfully Submitted:

   Simon, Fitzgerald, Cooke, Reed & Welch, Attorney's at Law
   1 Lakeshore Drive, Suite 1600
   Lake Charles, LA 70629
   (337) 436-7222

   By: ___/s/ *Matthew B. Pettaway* _____
   Matthew Bond Pettaway, #33313
   ATTORNEY FOR DEBTOR(S)

Date: *October 22, 2015*